IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRAVIS BOYD,

              Plaintiff,

vs.                                       Case No. 17-3146-SAC

FORD COUNTY DETENTION
CENTER, and TED BAKER,

              Defendants.

MEMORANDUM AND ORDER

The plaintiff Travis Boyd, an inmate at the Ford County Detention Center ("Center"), first submitted for filing his handwritten complaint for relief under 42 U.S.C. § 1983. ECF# 1. He then complied with the notice of deficiency (ECF# 2) and completed the court-provided civil rights complaint forms. ECF# 4. In these filings, the plaintiff alleges his right against cruel and unusual punishment was violated on August 15, 2017, when he and seven other inmates in his living unit were denied privileges as a disciplinary punishment for an offense they did not commit. The plaintiff also alleges his right to procedural due process was denied because the defendant Center did not follow its disciplinary procedures by failing to grant Mr. Boyd his requested hearing before an impartial hearing officer within the required 24-hour period.

More specifically, the plaintiff alleges the defendant Sargent Ted Baker on the morning of August 15, 2017, stepped into the S-4 living unit of

1

the defendant Center where the plaintiff was residing. Sargent Baker announced he had found damage on the walls within the unit. After warning the unit's residents that if someone did not admit to damaging the walls then the whole unit would lose privileges, Sargent Baker left the unit. Mr. Boyd then went to the inmate who was known to have caused this damage. He discussed the situation with this inmate and then returned to his cell. A couple minutes later, the culpable inmate came to Mr. Boyd's cell asking for more details. In the meantime, Sargent Baker returned to the S-4 living unit. The culpable inmate stepped forward admitting his guilt, but Sargent Baker said that the confession had come too late so the whole unit would be punished. Sargent Baker announced that the plaintiff and all of the other inmates in this unit would lose privileges for 30 days. The jail incident narrative apparently prepared by Sargent Baker recites in relevant part:

> Sargent Baker then arrived in South pod at this time and Officer Duffield informed him of what was found. Sargent Baker then entered the day room and examined the markings as well and gave every one (sic) amply opportunity to own up to the incident no one would. Sargent Baker then informed all inmates that since no one would own up to the rule violation all inmates would lose REC. TV. As well as popcorn for a month. Sargent Baker had told s-4 about what they lost for the damage in their pod. For any more damage or problems they could lose commissary or visitation added to no popcorn, tv and recreation for **30 days**.

ECF#1, p. 11 (bolding added). The plaintiff claims this loss of privileges violated his right against cruel and unusual punishment.

Attached to his original complaint, the plaintiff Boyd provides the inmate grievance form that he completed for himself and his fellow inmates

2

in appealing this discipline. ECF# 1, p. 8. The grievance consists of a written paragraph that raises cruel and unusual punishment, imposition of a punishment not authorized by the handbook, creation of a hostile living environment, and the admission by the culpable inmate. *Id*. The form appears to be signed by other inmates. The grievance form includes a section entitled, "answer to grievance," where the following is written: "Since the rules violated are a major violation, the sentence will be reduced to **20 days**. No TV, no popcorn and no REC for these **20 days**." *Id*. (bolding added). This answer bears the supervisor's signature that reads, "Sgt Draper," and is dated August 16, 2017. *Id*.

To his original complaint, Mr. Boyd also attaches a second inmate grievance form dated August 16, 2017. *Id*. at 9. Mr. Boyd writes there, "I was made aware of the fact our rule violation has been deemed a 'major rule violation' in the response to our appeal dated 8-15-17. Since this is a major rule violation I am entitled to a hearing BEFORE an impartial hearing officer. I am requesting said hearing formally." *Id*. The answer to this grievance states, "By Sgt. Draper coming in and taking **10 days off** that is considered impartial hearing, but Cpl Blea will talk to Sgt. Baker." *Id.* (bolding added).

To his original complaint, the plaintiff also attaches two "supplemental narratives" in which he discloses that Sargent Baker partially restored one privilege on August 19th and another privilege on August 20th.

3

*Id.* at pp. 13-14. The plaintiff writes in these narratives that he is continuing with the lawsuit because his privileges were not restored within the 24-hour period. *Id.* Mr. Boyd claims he has not received a hearing before an impartial hearing officer in violation of his constitutional right to due process.

<u>Motions to Proceed In Forma Pauperis</u> (ECF## 2 and 5)

These motions are governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

The plaintiff states that he has requested the trust account reports but that the defendant Center has not replied. The court shall not assess initial filing fee, but the plaintiff remains obligated to pay the $350.00 filing fee. With his first motion to proceed in forma pauperis, the defendant also requested appointment of counsel. In light of the ruling that follows, the

4

court is convinced that the plaintiff's claims lack sufficient merit to warrant appointment of counsel. *See Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006).

Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss the entire complaint or any part of it, "if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief can be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief,"

dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted). The same standard used for Fed. R. Civ. P. 12(b)(6) motions is used for § 1915 dismissals, and this includes the newer language and meaning taken from *Twombly* and its "plausibility" determination. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted).

<u>Eighth Amendment Claim</u>

"The Constitution does not mandate comfortable prisons, . . ., but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks and citations omitted). "The Eighth Amendment's prohibition of cruel and unusual

6

punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). The Supreme Court in *Farmer* spelled out that the Eighth Amendment can be violated for inhumane condition when the alleged deprivation is first, "objectively, sufficiently serious," such that the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities." 511 U.S. at 834 (internal citations and quotation marks omitted). "[T]o satisfy this prong of the *Farmer* test, a prisoner must show that conditions were more than uncomfortable, and instead rose to the level of 'conditions posing a substantial risk of serious harm' to inmate health or safety." *DeSpain v. Uphoff*, 264 F.3d 965, 973 (10th Cir. 2001) (quoting *Farmer*, 511 U.S. at 834).

To allege an Eighth Amendment violation, the plaintiff must show as the second prong that the defendants acted with deliberate indifference to inmate health or safety. *Farmer*, 511 U.S. at 834; *Miller v. Glanz*, 948 F.2d 1562, 1566-67 (10th Cir. 1991). This standard incorporates balancing "judicial respect for the exigencies of running a" detention facility against the Eighth Amendment concepts related to human dignity and civilized decency. *DeSpain*, 264 F.3d at 973. Consequently, a court's analysis is not to "be based on a court's idea of how best to operate a detention facility." *Id.*

(internal citation and quotation marks omitted). Prison officials have broad discretionary authority to manage and control prisons. *Bailey v. Shillinger*, 828 F.2d 651, 653 (10th Cir.1987). "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Sandin v. Conner*, 515 U.S. 472, 485 (1995)

The denial of popcorn, television, and recreation for 20 days is not the deprivation of a necessity which can be plausibly and reasonably termed among the minimal civilized measures of human life's necessities. Not only the nature of the lost privileges here but the imposed duration of any deprivation are not what can be objectively termed a "sufficiently serious" condition. "In general, the severity and duration of deprivations are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation." *DeSpain*, 264 F.3d at 974. There is nothing here by which one can reasonably conclude that the temporary and short loss of such privileges can be termed the loss of a minimal necessity of civilized life. "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. at 285. The plaintiff has not alleged any facts, and none appear to exist, to suggest that the disciplinary sanctions were atypical of prison standards or extended the term of the defendant's confinement.

Based on what has been alleged, there can be no reasonable or plausible expectation that the plaintiff would be able to allege any losses based on these events that would support an Eighth Amendment claim. *See Markovick v. Werholtz*, 10-3257-SAC, 2012 WL 415456, at *7 (D. Kan. Feb. 9, 2012) ("[T]he denial of privileges simply does not amount to a denial of life's necessities or present a sufficiently serious potential for harm."), *appeal dismissed*, No. 12-3055 (10th Cir. Jul. 17, 2012). Dismissal is necessary and appropriate.

Due Process

The plaintiff complains that his request for a hearing before an impartial hearing officer was a procedure provided for in the inmate handbook, and that the denial of his request constituted a violation of his due process rights. The United States Constitution guarantees due process when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). "The Due Process Clause standing alone confers no liberty interest in freedom from state action taken within the sentence imposed." *Sandin v. Conner*, 515 U.S. at 480 (internal quotation marks and citation omitted). Thus, an inmate must have a liberty interest at stake to be entitled to procedural due process protections. *See, id*. at 483-485. It follows that "a denial of privileges does not impose an atypical and significant hardship in relation to the ordinary incidents of prison life, and consequently no liberty interest is at stake where the inmate

9

may be sanctioned with a loss of privileges only." *Marshall v. Laird*, 2013 WL 3226632, at *3 (D. Kan. June 25, 2013) (citing *Sandin*, 515 U.S. at 484 (protected interest to be free from "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"), *Blum v. Federal Bureau of Prisons*, 189 F .3d 477, 1999 WL 638232, at *3 (10th Cir. Aug. 23, 1999) (concluding that 90-day disciplinary segregation which left inmate without "store privileges, radio, phone calls, etc." were "such conditions . . . not different in such degree and duration as compared with 'the ordinary incidents of prison life' to be a protected liberty interest under the Due Process clause." (citations omitted)); *see Fleet v. Tidwell*, 14-CV-02632-NYW, 2015 WL 4761190, at *6 (D. Colo. Aug. 13, 2015) ("[D]enials of privileges" are matters incident to the original sentence to prison, "which every prisoner can anticipate." *Jones v. Murray*, 962 F.2d 302, 309 (4th Cir.) (citation omitted), *cert. denied*, 506 U.S. 977 (1992)); *Jackson v. Wiley*, CIV. 09-CV-01148PABM, 2009 WL 2600361, at *4 (D. Colo. Aug. 21, 2009) ("Furthermore, it is well settled that the inability of a prisoner to watch television is not an atypical, significant hardship." (internal quotation marks and citations omitted)). Finally, the defendant Center's grievance procedures "do not create a protected liberty interest and, therefore, do not implicate a prisoner's due process rights." *Barber v. Canadian County Jail*, CIV-15-132-F, 2015 WL 2089854, at *6 (W.D. Okla. May 1, 2015) (citing in part, *Murray v. Albany Cnty. Bd. of Cnty. Comm'rs*, 2000 WL 472842, at *2 (10th Cir.

Apr. 20, 2000) ("[P]rison grievance procedures do not 'give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.'") (quoting *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)); *see Boyd v. Werholz*, 443 Fed. Appx. 331, 332 (10th Cir. 2011) ("Nor does the state's voluntary provision of an administrative grievance process create a liberty interest in that process. *See Bingham v. Thomas*, 654 F.3d 1171, 1177–78 (11th Cir. 2011) (observing that inmates have no constitutionally-protected liberty interest in access to prison grievance procedure).")

For the grounds stated above, the court shall dismiss the complaints for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1). The court also finds that an opportunity for the plaintiff to amend his complaint would be futile here.

IT IS THEREFORE ORDERED that the plaintiff's claims under 42 U.S.C. § 1983 are dismissed pursuant to § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

IT IS FURTHER ORDERED that the plaintiff's motion for leave to proceed in forma pauperis (ECF# 2) and motion for leave to proceed in forma pauperis (ECF# 5) are granted. Collection action shall proceed pursuant to 28 U.S.C. § 1915(b)(2). A copy of this order shall be transmitted to the finance office of the facility where plaintiff is incarcerated;

IT IS FURTHER ORDERED that the plaintiff's motion for appointment of counsel (ECF#2) is denied.

Dated this 24th day of October, 2017, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge